**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NAIM GJIDIJA

    Petitioner,

-against-

UNITED STATES OF AMERICA,

    Respondent.

06 Civ. 4903 (JFK)
03 Cr. 1256 (JFK)

**MEMORANDUM OPINION AND ORDER**

APPEARANCES:

    Petitioner, Pro Se:

        NAIM GJIDIJA
        Reg. No. 51944-054
        F.C.I. Allenwood Low
        Federal Correctional Institution
        P.O. Box 1000
        White Deer, Pennsylvania 17887

    For the Respondent:

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007
        Of Counsel:    Elizabeth F. Maringer
                        Assistant United States Attorney

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge:**

Before the Court is the pro se motion of Petitioner Naim Gjidija ("Gjidija") to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255. For the reasons that follow, Gjidija's petition is granted in part and a new judgment is ordered, from which Gjidija may timely appeal.

I.  Background

Gjidija was indicted on March 29, 2004 for his part in a robbery crew that committed armed robberies during a period between 1995 and 2001. In most instances the crew targeted drug dealers engaged in narcotics trafficking. The robbery crew received information from tipsters with inside information about individuals who were holding large amounts of money or drugs.

Count One of the Indictment charged Gjidija with participating in (a) the robbery of employees of a jewelry store in or about March 1995 in the vicinity of Halstead Avenue in Harrison, New York; (b) the burglary of an apartment in or about May 1996 in the vicinity of 170th Street and Audubon Avenue in New York, New York, in search of narcotics; (c) the burglary of a residence in or about April 1997 in the vicinity of Caryl Avenue in Yonkers, New York, during which money and firearms were stolen; and (d) the attempted burglary of an apartment in or about May 1998 in the vicinity of 203rd Street and  Grand Concourse in Bronx, New York, in search of narcotics and narcotics proceeds. In the process of committing the Halstead Avenue jewelry store robbery, Gjidija pistol-whipped the victim, who was not a drug dealer or a criminal and who subsequently required medical treatment for the injuries inflicted on him by Gjidija.

1

Gjidija was an organizer of the Caryl Avenue apartment burglary, in that he acted as the tipster.

Count Two of the Indictment charged Gjidija with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The firearm he possessed was a .45 caliber semiautomatic pistol. Gjidija's prior felony was a July 28, 1983 conviction in Bronx County Supreme Court of attempted burglary in the third degree, for which he was sentenced to one year of imprisonment.

Count Three of the Indictment charged Gjidija with mail fraud. When the attempted burglary in the vicinity of 203rd Street and Grand Concourse was foiled and police arrived, Gjidija and members of his crew fled.[1] Gjidija jumped from a fire escape and broke his leg. En route to the hospital, Gjidija hatched a plan with his brother to defraud the owners of the apartment building where he lived at 2047 Holland Avenue in the Bronx. Gjidija claimed that the broken leg he sustained in the course of the robbery was actually suffered in his apartment building. He sued the building owners and carried his lawsuit to trial. Before the trial concluded, he was able to secure a $425,000 settlement from the insurance company retained by the owners. In connection with this scheme, Gjidija mailed documents in violation of 18 U.S.C. § 1341.

On March 29, 2004, Gjidija pleaded guilty to all three counts pursuant to a written plea agreement in which the parties agreed that neither a downward nor an upward departure from the stipulated sentencing guidelines range of 108 to 135 months was warranted. The parties further agreed:

> (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255

---

[1] After the initial attempt was unsuccessful, members of the same crew went back and actually did burglarize the apartment and shared the proceeds of that robbery with Gjidija.

2

>    and/or Section 2241, any sentence within or below the
>    Stipulated Sentencing Guidelines Range of 108 to 135
>    months and (ii) that the Government will not appeal any
>    sentence within or above the Stipulated Sentencing
>    Guidelines Range of 108 to 135 months. … Furthermore, it
>    is agreed that any appeal as to the defendant's sentence that
>    is not foreclosed by this provision will be limited to that
>    portion of the sentencing calculation that is inconsistent
>    with (or not addressed by) the above stipulation.

(Plea Agreement 9-10.)

In the course of his plea, the Court informed Gjidija that the judge had to order restitution under counts 1 and 3.[2] The Court explained that it had to order Gjidija to pay to his victims whatever money or property they lost because of his criminal activity. When asked if he understood, Gjidija replied, "Yes." (Plea 11.)

On October 13, 2004, Gjidija was sentenced to a total term of 132 months' imprisonment: 132 months each on Counts 1 and 3, to run concurrently, and 120 months on Count 2, also to run concurrently. The Court imposed a mandatory special assessment of $100 for each count, and ordered that the defendant pay restitution in the amount of $841,890, except that "no further payment is to be required after the sum of the amounts actually paid by all defendants has covered all of the compensable injuries." (Sentencing Tr. 10-11.) The judgment was entered on October 14, 2004. Gjidija filed a timely notice of appeal on October 26, 2004.

Despite the timely notice, Gjidija's attorney, Thomas F. Lee ("Lee"), did not perfect the appeal; nor did Lee submit a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting withdrawal.[3] Lee himself had been arrested on or about June 24, 2005 and charged in the United States District Court for the Eastern District of New York

---

[2] Restitution was mandatory under 18 U.S.C. § 3663A for Count 1 because it was a "crime of violence," as defined in 18 U.S.C. § 16, and for Count 3 because it was an offense "committed by fraud or deceit."
[3] See infra, note 7.

3

with racketeering, murder conspiracy and obstruction of justice. When United States District Court Judge Nicholas G. Garaufis granted Lee's bail application on June 27, 2005, the judge suspended Lee from the practice of law pending resolution of the charges against him. After his arrest, Lee failed to make any additional filings in connection with Gjidija's case and, as a result, Gjidija defaulted on the appeal. On October 18, 2005, the Second Circuit issued a mandate dismissing the appeal.

On June 16, 2006, Gjidija filed this motion pursuant to 28 U.S.C. § 2255. Gjidija argues that Lee's failure to perfect the appeal for which notice was timely filed rendered Lee's assistance as counsel ineffective. Gjidija argues that Lee should have made the following two arguments on appeal: (1) that Gjidija's waiver of his right to appeal his sentence in connection with his plea agreement did not preclude an appeal of the restitution order, and (2) that the sentencing Court erred in ordering Gjidija to pay $841,890 in restitution.[4] Gjidija requests that the Court vacate the judgment ordering restitution, "and whatever relief this court may find just and proper." (Gjidija Br. 5.)

The Government does not dispute that Gjidija received ineffective assistance of counsel because of Lee's failure to perfect the appeal. The Government requests that the Court issue an amended judgment that would allow Gjidija to pursue his appeal on the question of restitution and that the Court appoint counsel to assist him in doing so in a timely manner. (Gov't Br. 2-3.)

**II. Discussion**

---

[4] The first is a threshold question on which the Court of Appeals must agree with Gjidija before reaching the second question. The Second Circuit recently reaffirmed that failure to object to the restitution order at sentencing does not create a bar to appellate review "because improperly ordered restitution constitutes an illegal sentence amounting to plain error." United States v. Fiore, 381 F.3d 89, 98 (2d Cir. 2004) (quoting United States v. Thompson, 113 F.3d 13, 15 (2d Cir. 1997)).

4

The Sixth Amendment guarantees the right of a criminal defendant to the assistance of counsel, and "it has long been recognized that the right to counsel is the right to the *effective* assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970) (emphasis added). The Supreme Court has developed a two-pronged test to determine whether a criminal defendant received inadequate legal assistance during a criminal proceeding. First, the petitioner must show that defense counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Second, he or she must show that the deficient performance prejudiced the defendant. Id. at 694.

This inquiry is fact-specific, dependent on the particular circumstances of each case. Id. at 690. There are, however, circumstances in which the traditional two-part Strickland analysis is not necessary, when counsel's representation is so fundamentally deficient that it is presumed to have prejudiced the defendant. One such circumstance is when counsel is absent from the proceedings.

Lawyers in criminal cases "are necessities, not luxuries," and the adversarial nature of the judicial process protected by the Sixth Amendment is fundamentally impaired when counsel is not present. Gideon v. Wainwright, 372 U.S. 335, 344 (1963). Their presence is so important because they are "the means through which the other rights of the person on trial are secured." United States v. Cronic, 466 U.S. 648, 653 (1984).

This presumption that counsel's assistance is essential has led the Supreme Court to conclude that a complete denial of counsel requires a conclusion that a trial is unfair. Id. at 659. The Strickland prejudice inquiry is not necessary for the court to find

5

constitutional error "when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." Id. at 659 n. 25.

In Castellanos v. United States, 26 F.3d 717, 718 (7th Cir. 1994), the Seventh Circuit made clear that a lawyer's failure to "initiate an appeal or… *to prosecute the appeal,*" creates a presumption of prejudice. Id. at 719 (emphasis added). See Strickland v. Washington, 466 U.S. at 692 ("Actual or constructive denial of assistance of counsel altogether is legally presumed to result in prejudice"); Penson v. Ohio, 488 U.S. 75, 88 (1988) (extending the Cronic holding to apply not just at trial but during the appeals process as well).

Lee was no longer acting in the role of an advocate for Gjidija after Lee was arrested and his license to practice law was suspended. It was during Lee's actual absence from the adversarial process that the Second Circuit dismissed Gjidija's appeal because Lee failed to prosecute the appeal on Gjidija's behalf. Thus, Lee's assistance was presumptively ineffective.

The fact that Gjidija's appeal appears to lack merit does not interfere with the above analysis. The Seventh Circuit observed that when a defendant has been deprived, "not of effective assistance of counsel, but of *any* assistance of counsel on appeal," district courts may not assess the merits of a potential appeal by imagining what a lawyer might have done, because "an advocate finds things that an umpire misses—especially when the umpire is asking whether the court of appeals is likely to reverse his own decision." Castellanos, 26 F.3d at 718 (emphasis in original).

In Campusano v. United States, 442 F.3d 770 (2d Cir. 2006), the Second Circuit held that even after a defendant signs a plea agreement waiving his right to appeal, if the

defendant instructs his attorney to appeal, counsel must file a notice of appeal or submit a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[5] A waiver is presumptively enforceable in all but a few situations, but in "circumstances that implicate a defendant's constitutional rights" such waivers of the right to appeal "may be invalid and should not be enforced." United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000). Unenforceable waivers may be few and far between, but the Second Circuit in Gomez-Perez and Campusano found the rare exceptions important enough to "drive our rule[s] requiring an Anders brief." Id. at 320.

When Gjidija signed the plea agreement waiving his right to appeal, which was nearly identical to the waiver signed by Jose Campusano, "he… d[id] not sign away the right to effective assistance of counsel." Campusano v. United States, 442 F.3d 777. Prejudice is presumed because Lee failed to perfect the appeal or file an Anders brief on Gjidija's behalf, "and the defendant will be entitled to direct appeal without any showing on collateral review that his appeal would likely have merit." Id. at 772. "We do not cut corners when Sixth Amendment rights are at stake." Id. at 777.

As in the case at Bar, where ineffectiveness is conceded by the Government, "the appropriate remedy where a notice of appeal was filed" is for the court to "permit that appeal to proceed in the normal course." McHale v. United States, 175 F.3d 115, 117 (2d Cir. 1999). Gjidija did file a notice of appeal, and the Government has conceded that, "given these unique facts," Gjidija's counsel provided constitutionally ineffective assistance. (Gov't Br. 2.)

---

[5] Generally, attorneys who believe their client's appeal would be frivolous are required to file a brief in compliance with Anders, which requires that counsel submit a brief to the court and to the defendant, requesting withdrawal but "referring to anything in the record that might arguably support the appeal." Campusano v. United States, 442 F.3d 770, 774 (2d Cir. 2006) (quoting Anders v. California, 386 U.S. at 744).

7

### III. Conclusion

For the reasons stated above, petitioner's motion pursuant to 18 U.S.C. § 2255 is granted in part and denied in part. The motion is granted inasmuch as the Court will vacate petitioner's judgment, originally filed October 14, 2004, and enter a new judgment as of today, with the identical sentence, from which petitioner may timely appeal. See Garcia v. United States, 278 F.3d 134, 138 (2d Cir. 2002) ("The district court shall either (1) enter a new judgment imposing the same sentence... or (2) if the district court discerns any useful purpose in further considering the sentence, resentence the defendant."); See also Mena v. United States, 2004 U.S. Dist. LEXIS 24081 (S.D.N.Y., Nov. 30, 2004). The motion is, in all other respects, denied.

Gjidija has ten days to file a notice of appeal with the Pro Se Office of the Southern District of New York if he so wishes. The Court notes that Gjidija previously filed an affidavit of poverty, and the Court has no new information about Gjidija's economic circumstances that would disqualify him for CJA counsel.

**SO ORDERED.**

Dated: New York, New York
July /_, 2007

*John F. Keenan* (signature)

JOHN F. KEENAN
United States District Judge